UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID J. GOLDBERG                           CIVIL ACTION

VERSUS                                      NO: 09-2714

UNITED STATES POSTAL SERVICE                SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss For Lack of Subject Matter Jurisdiction (Rec. Doc. 9)** filed by the defendant, United States Postal Service. Plaintiff David J. Goldberg opposes the motion. The motion, set for hearing on May 27, 2009, is before the Court on the briefs without oral argument.

David J. Goldberg ("Plaintiff") filed this suit against the United States Postal Service ("USPS") in proper person seeking to recover the fair market value ($1900.00) of a painting that he alleges was never delivered. (Comp. ¶ 4). According to Plaintiff, USPS accepted the painting at one of its New Orleans locations and it was to be sent to Oak Park, Illinois. (Id. ¶ 3).

USPS moves for dismissal arguing that Plaintiff has failed to exhaust his administrative remedies. USPS adds that even if Plaintiff had properly exhausted his claim the United States has not waived sovereign immunity for claims pertaining to lost postal matter.

In opposition, Plaintiff argues that he did properly exhaust

his claim and further, that the "postal matter" exception to the Federal Tort Claims Act does not apply because he seeks recovery in contract rather than in tort.

In order to bring the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity. Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007). Absent a waiver of sovereign immunity the federal government is immune from suit. Id. (citing Loeffler v. Frank, 476 U.S. 549, 554 (1988)). The absence of a waiver of sovereign immunity is a jurisdictional defect that deprives federal courts of subject matter jurisdiction. Id. (citing Kulawy v. U.S., 917 F.2d 729, 733 (2d Cir. 1990); Bodin v. Vaqshenian, 462 F.3d 481, 484 (5th Cir. 2006)).

Plaintiff's arguments notwithstanding, his suit is clearly one sounding in tort for the alleged negligence of postal workers in failing to properly deliver his package. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), which Plaintiff denies is applicable to his case, does contain a limited waiver of the Government's sovereign immunity. Leleux v. U.S., 178 F.3d 750, 754 (5th Cir. 1999). However, the law is well-settled that the postal matter exception to the FTCA deprives the Court of jurisdiction over "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letter of postal

matter." 28 U.S.C. 2680(b); <u>Dolan v. USPS</u>, 546 U.S. 481 (2006); <u>Layton v. Reyenga</u>, No. 07-821, 2007 WL 2156552 (W.D. La. July 2, 2007). The exception is applicable even when the proffered theory of the cause of action is one for breach of contract. See <u>Ins. Co. of N. Am. v. USPS</u>, 675 F.2d 756 (5th Cir. 1982).

Based on the foregoing, the Government has not waived sovereign immunity for the instant claim and this Court is without subject matter jurisdiction to adjudicate it. The Court notes that this result is a harsh one that leaves Plaintiff with no legal recourse for the allegedly negligent conduct of USPS. However, the doctrine of sovereign immunity is an unforgiving one that permits suit against the Government only where Congress has specifically provided for a waiver. In this case, Congress has not only declined to provide a waiver but rather has taken affirmative steps to exclude this type of claim where a FTCA waiver would otherwise exist. Congress, having specifically deprived the federal courts of jurisdiction over such a claim, has left this Court with no choice but to dismiss Plaintiff's complaint.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss For Lack of Subject Matter Jurisdiction (Rec. Doc. 9)** filed by the defendant, United States Postal Service is **GRANTED**. Plaintiff's complaint is

**DISMISSED** with prejudice.

June 2, 2009

				_____
				JAY C. ZAINEY
				UNITED STATES DISTRICT JUDGE